IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROBBIN AMANDA BAYSE,<br><br>     Plaintiff,<br><br>v.<br><br>ARTHUR CHANEY,<br><br>     Defendant. | Civil Action File No.<br><br>1:18-cv-975-LMM |

**PLAINTIFF'S CONSOLIDATED MOTION IN LIMINE**

Plaintiff Robbin Amanda Bayse respectfully submits this motion in limine, asking the Court to preclude all parties, counsel, and witnesses from testifying, suggesting, referencing, arguing, or commenting upon the following improper matters in the jury's presence:

  (1)   Evidence Relating to Plaintiff's Convictions and/or Sentence; and

  (2)   Evidence Relating to Plaintiff Throwing Bleach at Defendant on September 12, 2016.

This evidence is inadmissible under Rules 402 and 403 of the Federal Rules of Evidence because any probative value this evidence has—and in both cases, Plaintiff suggests there is no probative value at all—is substantially outweighed by the danger

of unfair prejudice to Plaintiff. In further support of this motion, Plaintiff shows as follows:

## I. Introduction and Factual Background

Plaintiff Robbin Amanda Bayse is a transgender woman, born Robert Dwayne Bayse, who is in the custody of the Georgia Department of Corrections ("GDC").[1] Following her 1997 convictions for rape, child molestation, and aggravated sodomy, she is serving two life sentences plus sixty years and is presently housed at the Augusta State Medical Prison. [1] at p.1; [36-2] at p.19; [56]. She was previously housed at Phillips State Prison ("PSP") on two occasions, from approximately January 2011 until approximately January 2012, and then again from approximately June 2016 until approximately November 2016. [1] at p.4. Defendant Arthur Chaney was the Unit Manager at PSP for the segregation unit where Bayse was incarcerated in September 2016. [55] at p.25.[2]

---

[1] Plaintiff has not undergone gender reassignment surgery, something that is relevant to this case only insofar as it provides context for the evidence relating to her attempted self-castration. She was diagnosed with gender dysphoria in 2015, some seventeen-plus years after she began serving her present sentence.

[2] When she returned to PSP in 2016, Bayse requested that she be held in protective custody; it is undisputed that she was not placed in segregation for any sort of disciplinary reason. [1] at p.5; [55] at p.25.

While housed at PSP, Bayse lodged complaints about the GDC's treatment of lesbian, gay, bisexual, and transgender ("LGBT") inmates with the United States Department of Justice ("DOJ") and the Southern Poverty Law Center ("SPLC"). [1] at pp.5, 7. She also filed administrative grievances against Chaney. *See* [55] at p.22. Bayse alleges that on September 8, 2016, Chaney retaliated against her by removing "most of [her] property" from her cell while she was at a psychologist appointment. [36-2] at p.23.

It is undisputed that on September 8, 2016, somebody did in fact enter Bayse's cell while Plaintiff was gone and remove some of her property. *See, e.g.*, [55] at p.22 (Defendant's outline of the case). The inventory sheet that PSP officials prepared indicates that colored pencils, six folders of construction paper, two books made from construction paper, and two bundles of drawing paper were removed. [36-2] at p.75.[3] Bayse contends that legal mail and legal materials were also removed from her cell. [36-2] at p.40 (Bayse testifying that the "six folders of construction paper" referenced in the inventory sheet was actually two folders of art work and four folders containing "legal work, cases and other things" and that "they did not put in [the inventory sheet] everything that was taken.").

---

[3] A more legible version of the inventory sheet is attached to this motion as **Exhibit A.**

Based on these facts, Bayse brings a claim against Chaney for unlawful retaliation in violation of her First Amendment rights. [1] at p.10.[4] Chaney maintains that he was not "personally involved in any claimed confiscation" of Bayse's property and that no legal materials were confiscated. [33-2] at p.6; *see also* [55] at pp.22–23. The Court denied Chaney's motion for summary judgment [45] and the case is now being prepared for trial. As this recitation makes clear, the issues at trial will focus on (1) who removed property from Plaintiff's cell on September 8, 2016; (2) what property was removed from Plaintiff's cell on that date; and (3) why any property was removed from Plaintiff's cell on that date.

## II.  Legal Standard Governing Motions in Limine Under Rule 403

"The purpose of a motion *in limine* is to permit the pre-trial resolution of evidentiary disputes without having to present potentially prejudicial evidence in front of a jury." *Fed. Trade Comm'n v. PointBreak Media, LLC*, No. 18-61017-CIV-ALTONAGA/Seltzer, 2018 WL 3697471, at *1 (S.D. Fla. May 21, 2018); *see also Benson v. Facemyer*, No. 1:13-cv-595-WSD, 2017 WL 1400558, at *1 (N.D. Ga. Apr. 19, 2017) ("A motion *in limine* is a pretrial motion by which a litigant seeks to

---

[4] Plaintiff's Complaint [1] asserted other claims against Chaney and other Defendants. On August 9, 2018, the Court dismissed all of her claims except her "claim of retaliation against Defendant Arthur Chaney, in his individual capacity, regarding the alleged incident with Chaney on September 8, 2016." [20] at p.1.

4

exclude inadmissible or prejudicial evidence before it is actually offered at trial."). "The real purpose of a Motion in Limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably affect the fairness of the trial." *Soto v. Geico Indem. Co.*, No. 6:13-cv-181-Orl-40KRS, 2014 WL 3644247, at *1 (M.D. Fla. July 21, 2014) (alteration adopted). "In resolving evidentiary disputes before trial, motions *in limine* avoid the need to 'unring the bell' once inadmissible evidence has been presented to the jury." *PointBreak Media*, 2018 WL 3697471, at *1.

Under Rule 402 of the Federal Rules of Evidence, "[i]rrelevant evidence is not admissible," and even relevant evidence may be excluded if it is deemed inadmissible by another rule. Rule 403, in turn, provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." "'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." FED. R. EVID. 403 advisory committee's note to 1972 proposed rules. "The 'major function' of Rule 403 'is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial

effect.'" *United States v. Cross*, 928 F.2d 1030, 1048 (11th Cir. 1991) (quoting *United States v. Sawyer*, 799 F.2d 1494, 1506 (11th Cir. 1986)).

Plaintiff notes the tendency of many courts to reserve ruling on motions in limine until trial, which is understandable in many cases. But the evidence that is the subject of this motion is so prejudicial and inflammatory that if it is to come in, Plaintiff needs to know in advance so that she can prepare accordingly and decide whether, how, and when to first raise the issues herself before it is elicited by Defendant—potentially as early as during the jury selection process. For these reasons, Plaintiff respectfully asks the Court to issue a ruling sufficiently in advance of jury selection to allow Plaintiff's counsel time to submit additional proposed voir dire questions if necessary relating to the panelists' ability to be a fair juror in light of Plaintiff's convictions.

### III. Evidence Relating to Plaintiff's Convictions and/or Sentence Should Be Excluded Under Rules 402 and 403 Because It Has No Probative Value and Nothing Could Be More Unfairly Prejudicial to Plaintiff

As mentioned above, Plaintiff is currently serving two life sentences plus sixty years for rape, aggravated sodomy, and child molestation. Plaintiff anticipates that at trial, Defendant, his counsel, and/or his witnesses will attempt to introduce evidence regarding the crimes for which Bayse was convicted and/or the sentence she is currently serving. Indeed, the first exhibit listed on Defendant's witness list is

"Plaintiff's Certified Convictions." *See* [55] at 34. This evidence should be excluded under Rules 402 and 403.

Plaintiff's convictions and sentence have no bearing at all on the issues to be tried in this case. The parties have stipulated that "Plaintiff was a state prisoner who was incarcerated at Phillips State Prison during the times of the alleged incidents described in the lawsuit." [55] at p.25. That is all the information the jury needs about Plaintiff's incarceration. Any further information about Plaintiff's convictions and sentence does not make it any more or less likely that her First Amendment rights were violated by Chaney. For that reason, the evidence is irrelevant and inadmissible under Rule 402. Furthermore, even if this evidence has any probative value at all, such probative value is substantially outweighed by the danger of unfair prejudice to Plaintiff if this evidence is admitted, and it should therefore be excluded under Rule 403 as well.

It is true that under Rule 609(a),[5] evidence of a felony criminal conviction is generally admissible to impeach a witness's or party's character for truthfulness, but

---

[5] That Rule provides, in pertinent part:

**(a) In General.** The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:

> **(1)** for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:

7

a 1990 amendment to that Rule made clear that the admissibility of such evidence is expressly "subject to Rule 403," FED. R. EVID. 609(a)(1)(A), such that "the Court must consider whether the relevance of the conviction is 'substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.'" *Stanbridge v. Mitchell*, No. 10-cv-3008, 2012 WL 1853483, at *1 (C.D. Ill. May 21, 2012) (quoting FED. R. EVID. 403).

In *Stanbridge*, 2012 WL 1853483, at *1 & *3, the prisoner-plaintiff brought an Eighth Amendment claim for deliberate indifference to serious dental needs and subsequently filed a motion in limine to exclude his prior conviction for aggravated criminal sexual abuse. The court employed a careful analysis of the interplay between Rule 609(a)(1) and Rule 403, noting that Rule 609 is premised on the questionable "assumption that a felon is more likely to lie than a non-felon when testifying in any capacity," and that it was the court's task to weigh the conviction's

---

**(A)** must be admitted, ***subject to Rule 403***, in a civil case or in a criminal case in which the witness is not a defendant; and . . .

**(2)** for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement.

Fed. R. Evid. 609(a) (emphasis added).

probative value as to the plaintiff's credibility against the danger of unfair prejudice to the plaintiff. *Id.* at *2. The court went on:

> In the Court's opinion, the admission of the title of Plaintiff's crime—aggravated criminal sexual abuse—does pose a substantial danger of unfair prejudice. Knowing that Plaintiff is not only detained but also that his crime was one of sexual violence may well hinder the jury's ability to focus on Plaintiff's credibility regarding the issue in this case, his dental treatment. Any marginal extra probative value from the title of Plaintiff's felony to Plaintiff's credibility is substantially outweighed by the danger of unfair prejudice to Plaintiff.

*Id.* (internal citation omitted). Ultimately, the *Stanbridge* court allowed admission of the fact that the plaintiff was convicted of a felony but precluded Defendant from eliciting further details about the conviction. *Id.* at *3.

Similarly, in *Jones v. Sheahan*, No. 99 C 3669, 01 C 1844, 2003 WL 21654279, at *2–*3 (N.D. Ill. July 14, 2003), the court excluded the plaintiff-prisoner's conviction and 30-year sentence for criminal sexual assault under Rule 403, even in the face of the defendant's Rule 609 argument, on the grounds that that conviction was not probative of the plaintiff's claims and "[a] conviction for sexual assault is not highly probative of credibility." *Accord Christmas v. Sanders*, 759 F.2d 1284, 1292 (7th Cir. 1985) ("[T]he trial judge correctly noted that a conviction for rape was not highly probative of credibility."); *United States v. Larsen*, 596 F.2d 347, 348 (9th Cir. 1979) ("The fact that a defendant has been convicted of child molesting bears only nominally on credibility . . . .").

9

Here, Defendant and all witnesses should be precluded from mentioning the names of the crimes that Plaintiff was convicted for or the sentence that Plaintiff is currently serving. Plaintiff has stipulated to her status as an inmate and does not even oppose limited inquiry into her status as a felon.[6] But reference to her crimes or her life sentence merely invites the jury to make assumptions about Plaintiff's character and decide that she is a "bad person" who is not equal in the eyes of the law to Defendant Chaney. Part and parcel of this motion is the exclusion of any extrinsic evidence relating to Plaintiff's convictions, including Exhibit 1 on Defendant's exhibit list.

## IV. Evidence Relating to Plaintiff Throwing Bleach at Defendant Should Be Excluded Under Rules 402 and 403 Because It Has No Probative Value and Presents a Serious Risk of Unfair Prejudice to Plaintiff

In Plaintiff's Complaint, she describes an encounter that occurred on or about September 12, 2016 in which she threw bleach at Defendant Chaney after he called her a "punk." [1] at pp.7–8 (¶¶ 11–12). This incident occurred after the facts that support the only remaining claim in the case, i.e., the removal of Plaintiff's personal

---

[6] By limited inquiry, Plaintiff suggests that Defendant's counsel be able to ask Plaintiff a single question on cross-examination about whether her convictions were for felonies or misdemeanors, and of course, Defense counsel may make use of that evidence in his opening and closing. However, needless repetition through multiple witnesses of the fact that Plaintiff was convicted of felony crimes would serve only to unfairly prejudice Plaintiff (in exchange for no greater probative value), waste time, and needlessly present cumulative evidence, all in violation of Rule 403.

10

property from her cell on September 8. Evidence relating to this altercation is not probative in any way to whether Chaney removed property from Plaintiff's cell days earlier, but it is inflammatory and poses a serious risk of unfair prejudice to the Plaintiff that far outweighs any probative evidence this evidence might have. It, too, should be excluded under Rules 402 and 403.

In *Wilson v. Groaning*, 25 F.3d 581, 583 (7th Cir. 1994), the plaintiff-prisoner filed a civil-rights action against two correctional officers, including Chris Dunn, who testified at trial about an encounter in which the plaintiff had "sprayed him [Dunn] with urine and fecal matter." The incident had occurred the same night as, but after, an altercation in which the plaintiff alleged to have been injured by the other defendant, *id.*, and the defendants argued that the evidence was admissible "to show that [the plaintiff] was not really injured during the altercation with defendants because later that evening he was able to assault Dunn in this way." *Id.* at 586. The Seventh Circuit explained that "the fecal matter testimony lacked any probative value for defendants' stated purpose" and that it was "clear that this testimony was highly inflammatory and totally irrelevant to the issue of whether [the other defendant] used excessive force in his altercation with [the plaintiff]." *Id.* at 587.[7]

---

[7] The trial court in *Wilson* admitted some of the plaintiff's prior convictions under Rule 609(a)(1), but excluded some other convictions under Rule 403. 25 F.3d at 585. It is not clear from the opinion which convictions were admitted and which were excluded, but the Court reasoned

11

Like the evidence in *Wilson*, the bleach incident occurred after the facts that form the basis of the claims that will be presented to the jury, and evidence of this particular altercation is both "highly inflammatory and totally irrelevant" to the issues in this case. *Id.* at 587. Although the Seventh Circuit ultimately concluded that the trial court's curative instruction and the record as a whole did not warrant a mistrial in that case, its reasoning is nevertheless instructive for purposes of the instant motion in limine. Rather than allow for the possibility of the admission of irrelevant and highly prejudicial evidence in the first instance, the Court should exclude this incident altogether as irrelevant under Rule 402 and because any probative value it does have is substantially outweighed by the danger of unfair prejudice under Rule 403.

## V. Conclusion

For the foregoing reasons, Plaintiff asks the Court to grant this motion in limine and exclude all evidence, argument, testimony, or references to (1) Plaintiff's

---

that the trial court's analysis under Rules 403 and 609 was not an abuse of discretion. Plaintiff suggests that *Stanbridge* and the other cases cited above are more well-reasoned opinions with respect to the Rule 403/Rule 609 issue than *Wilson*, which stands only for the proposition that there exist some cases in which the Rule 403 analysis will *not* result in the total exclusion of the plaintiff's prior convictions. This case, respectfully, is not one of those. Plaintiff's convictions should be entirely excluded in this case.

convictions and sentence or (2) the incident in which Plaintiff threw bleach at Defendant Chaney.

Respectfully submitted this 12th day of February, 2020.

                                                  */s Jennifer K. Coalson*
Jennifer K. Coalson
Georgia Bar No. 266989
Parks, Chesin & Walbert, P.C.
75 Fourteenth St. NE, 26th Floor
Atlanta, GA 30309
404-873-8000
jcoalson@pcwlawfirm.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, I electronically filed the foregoing Plaintiff's Consolidated Motion in Limine using the Court's CM/ECF system, which will automatically serve all counsel of record.

This 12th day of February, 2020.

                                              */s Jennifer K. Coalson*
                                              Jennifer K. Coalson
                                              Georgia Bar No. 266989
                                              jcoalson@pcwlawfirm.com